## JETHRO H. RICKER *vs.* LEONARD R. CUTTER.

A written contract to build a brick dwelling-house, " of the same depth back from the street, and of equal quality, both as to materials and finish, with F.'s house" on the adjoining lot, obliges the contractor to build a wooden shed or kitchen in the rear, if there is such an erection behind F.'s house.

The submission of the construction of a written contract to the jury is no ground of exception, if they decide it aright.

ACTION OF CONTRACT on a bond, which recited that Henry Sperry had contracted with the defendant, by indenture of even date therewith, to build for the defendant on the defendant's land on Grove Street, in Boston, " and adjoining a house now owned by John Fisk, two brick dwelling-houses; both of said houses to be of same depth back from the street with said Fisk's house, and each to be of one half of the width of said Cutter's lot of land aforesaid; and said Sperry is to build each of said houses of equal quality, both as to materials and finish, with said Fisk's house ; " and was conditioned that the defendant should convey said lot to the plaintiff " when said houses are completed."

At the trial in the superior court of Suffolk at November term 1855, it was admitted that at the time of the execution of the contract and bond there was, in the rear of Fisk's house, a wooden shed or kitchen, in dimensions about twelve feet by ten; and that no such sheds or kitchens had been built upon either of the defendant's houses.

The plaintiff requested the court to rule that whether sheds were to be built under the contract, was a question of law and not of fact; that by the contract no sheds were required to be built, and the failure to build them constituted no defence.

*Nelson*, C. J. declined so to rule, and instructed the jury " that

although the contract did not, in so many words, mention the erection of sheds or kitchens as parts of the two dwelling-houses, yet they must be satisfied that the plaintiff had complied with the fair meaning of the words of the contract; that those words were to be interpreted by the jury according to their common signification, illustrated by the circumstances under which they were used by the parties; and the jury would therefore inquire and find whether the two brick dwelling-houses had been completed."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. J. Gordon,* for the plaintiff.

*J. Q. A. Griffin,* for the defendant.

BIGELOW, J. The judge erred in submitting to the jury the question whether, by the terms of the contract under which the houses were to be erected for the plaintiff, the defendant was required to build the sheds. This was clearly a question of law, to be determined on the true construction of the written contract, and it was the exclusive province of the court to interpret the agreement, and to give to the jury suitable instructions as to its meaning. *Hutchison* v. *Bowker,* 5 M. & W. 535. But this error is no ground for setting aside the verdict, because it is clear that the jury have put on the clause of the contract in question a correct construction, such as the court should have given, and have found their verdict accordingly. *Doe* v. *Strickland,* 8 C. B. 724. *Emerson* v. *Cogswell,* 16 Maine, 77. *Hathaway* v. *Crosby,* 17 Maine, 448. The sheds or kitchens were part of the house, which the plaintiff was bound to erect before he could claim of the defendant a conveyance of the land.

*Exceptions overruled.*